**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PAUL DAVIS,

     *Plaintiff,*                         CASE NO. 12-CV-10528

*v.*                                 DISTRICT JUDGE SEAN F. COX
                                     MAGISTRATE JUDGE CHARLES BINDER

CITY OF ST. LOUIS, PATRICIA CARUSO,
NICK LUDWICK, DOCTOR BURTON,
KELLY BEST WASHINGTON, JANE L.
BASHORE, BETTY ROBINETTE,
AUTUMN L. ROMETZ, DEBORA C.
BEEKER, RALS MUHAMMAD,
HARRY HOLWARDS,

     *Defendants.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte*

**DISMISSED** for failure to state a claim upon which relief may be granted.

## II.    REPORT

### A.    Introduction

Plaintiff Paul Davis is a state prisoner who is currently incarcerated at the Marquette Branch

Prison in Marquette, Michigan. On February 7, 2012, Plaintiff filed a *pro se* Prisoner Civil Rights

Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed without prepayment of

fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted on February

13, 2012. On March 7, 2012, Magistrate Judge R. Steven Whalen ordered the U.S. Marshal to

serve the 81-page complaint and exhibits on all eleven defendants (Doc. 6), and the documents were mailed the following day.[1] (Doc. 7.) On March 13, 2012, U.S. District Judge Sean F. Cox referred all pretrial matters to the undersigned magistrate judge. (Doc. 9.)

After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

### B.    Governing Law

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a

---

[1]Chambers staff recently received correspondence from the litigation coordinator at the St. Louis Correctional Facility stating that they were unable to accept service on behalf of six of the defendants.

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

#### C.    Analysis and Conclusion

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" *Id*. I suggest that, in this case, Plaintiff's allegations show that relief is barred by the statute of limitations, and I therefore recommend that the case be *sua sponte* dismissed for failure to state a claim.

Plaintiff's complaint alleges that when Plaintiff was housed at the St. Louis Correctional Facility ("SLF") in St. Louis, Michigan, Defendants "maliciously and intentionally, willfully and deliberately subjected Plaintiff to cruel and unusual punishment when forcing Plaintiff to consume poisonous water causing rashes, stomach aches, headaches, and a lifetime of aches and pain and maladies . . . ." (Compl., Doc. 1 at 3.) Plaintiff asserts that he "continuously kited SLF's Health Care Services about him becoming ill from consuming contaminated water at SLF." (Compl. ¶ 35.) He was seen by Health Care numerous times, including by Defendant Nurse Bashore in August 2007 and by Defendant Dr. Burton in September 2007, at which time he informed them of his belief that the water at the facility was making him ill, but Plaintiff alleges that Defendants refused to order additional testing and left him "in continuous pain and suffering claiming there is nothing wrong with the water." (Compl. ¶ 37.)

Federal courts apply state personal injury statutes of limitations to claims brought under § 1983. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985); *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 180-81 (6th Cir. 1990). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44-45 (6th Cir. 1986). Although statutes of limitations are governed by state law, the question of when civil rights claims accrue remains one of federal law. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). A cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

In this case, Plaintiff's complaint clearly reveals that he knew or had reason to know in 2007 of the injury that is the basis of the action. Accordingly, the 3-year statute of limitations on his claim expired in 2010. Plaintiff, however, did not file this suit until 2012, more than a year after the statute of limitations had expired. Furthermore, the continuing violations exception, which is rarely applied in civil rights cases, does not apply here. *See Zander v. McGinnis*, No. 97-1484, 1998 WL 384625 (6th Cir. June 19, 1998) (the "continuing violations theory does not apply because [the prisoner-plaintiff] was aware of his alleged injuries in September 1992, and almost immediately filed grievances" (citing *Bell v. Chesapeake & Ohio Ry. Co.*, 929 F.2d 220, 223-25 (6th Cir. 1991)). Therefore, I suggest that Plaintiff's complaint be *sua sponte* dismissed for failure

4

to state a claim because "the allegations . . . show that relief is barred by the applicable statute of limitations." *Jones*, 549 U.S. at 215.

Alternatively, I suggest that Plaintiff has failed to state an Eighth Amendment claim because the complaint demonstrates that the concentration level of the chemical found in the St. Louis water system was within allowable limits, and therefore Defendants' decision to allow prisoners to continue consuming the water could not be considered deliberate indifference, which is required to state a civil rights claim.[2] Plaintiff's pleading includes a 2009 letter from Steven Chester, Director of the Michigan Department of Environmental Quality, to Bharat Mathur, Acting Regional Administrator of the United States Environmental Protection Agency, stating that in 2004 the chemical p-CBSA was detected in the City of St. Louis's drinking water, "although not at concentrations that exceed health-based criteria." (Compl., Doc. 1, Ex. D at 2.)

In a 2006 prisoner civil rights case brought in this district alleging that prison officials violated the Eighth Amendment by allowing the inmates at the St. Louis facility to continue to consume the water, the court found that the defendants

> reasonably relied on the information given them concerning the level of contamination of the city's wells and the non-harmful effects of those levels by the state and federal agencies possessing expertise in this area. Plaintiffs simply cannot show that such reliance amounts to deliberate indifference. As the Seventh Circuit has aptly explained:
>
>> Poisoning the prison water supply or deliberately inducing cancer in a prisoner would be forms of cruel and unusual punishment, and might be even if the harm was probabilistic or future rather than certain and immediate. But failing to provide a maximally safe environment, one completely free from pollution or safety hazards, is not. Many Americans live under conditions of exposure to various

---

[2]Deliberate indifference occurs when a prison official: (1) subjectively perceives facts from which can be inferred a substantial risk to a prisoner's health or safety, (2) draws that inference, and (3) then disregards that risk. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

contaminants. The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans. It would be inconsistent with this principle to impose upon prisons in the name of the Constitution a duty to take remedial measures against pollution or other contamination that the agencies responsible for the control of these hazards do not think require remedial measures. If the environmental authorities think there's no reason to do anything about a contaminant because its concentration is less than half the maximum in a proposed revision of the existing standards, prison officials cannot be faulted for not thinking it necessary for them to do anything either. They can defer to the superior expertise of those authorities.

*Carroll v. DeTella*, 255 F.3d 470, 472-73 (7th Cir. 2001) (citations omitted)[.]

*Rouse v. Caruso*, No. 06-CV-10961-DT, 2011 WL 918327, at *24-25 (E.D. Mich. Feb. 18, 2011) (adopted by U.S. District Judge Stephen J. Murphy, III, *Rouse v. Caruso,* 2011 WL 893216 (E.D. Mich. March 14, 2011)).

Accordingly, I suggest that in this case Plaintiff's complaint fails to state a claim for deliberate indifference in violation of the Eighth Amendment and is therefore subject to *sua sponte* dismissal.


## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d

947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise

others, will not preserve all the objections a party may have to this Report and Recommendation.

*Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR

72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.


                                          s/ Charles E Binder
                                          CHARLES E. BINDER
Dated: March 23, 2012                     United States Magistrate Judge



**CERTIFICATION**

       I hereby certify that this Report and Recommendation was electronically filed this date, and served by first class mail on Paul Davis, #514719, Marquette Branch Prison, 1960 US 41 South, Marquette, MI, 49855-9755.

Date:  March 23, 2012                    By     s/Jean L. Broucek
                                         Case Manager to Magistrate Judge Binder