UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Paul Davis,

    Plaintiff,
v.                                              Case No. 12-10528

                                              Honorable Sean F. Cox

City of St. Louis, *et al.*,

    Defendants.
_____/

## ORDER
## DENYING PLAINTIFF'S REQUEST FOR EXTENSION AS MOOT, ADOPTING MARCH 23, 2012 R&R , AND DISMISSING THIS ACTION

    Acting *pro se*, Plaintiff filed this action on February 7, 2012, asserting claims against numerous Defendants. Plaintiff's application to proceed *in forma pauperis* was granted on February 13, 2012. Thereafter, the matter was referred to Magistrate Judge Charles Binder for all pretrial proceedings.

    On March 23, 2012, Magistrate Judge Binder issued a Report and Recommendation ("R&R"), wherein he recommends that this case be *sua sponte* dismissed for failure to state a claim upon which relief may be granted. (Docket Entry No. 10). As explained in the R&R, Plaintiff's complaint alleges that when Plaintiff was housed at the St. Louis Correctional Facility in St. Louis, Michigan, Defendants subjected Plaintiff to cruel and unusual punishment by forcing him to consume the "poisonous water" at the facility, which caused him to suffer rashes, stomach aches, headaches and other maladies. In his R&R, Magistrate Judge Binder recommends that the Court dismiss Plaintiff's claim for failure to state a claim.

    In doing so, Magistrate Judge Binder states that "Plaintiff's complaint clearly reveals that he knew or had reason to know in 2007 of the injury that is the basis of the action. Accordingly,

the 3-year statute of limitations on his claim expired in 2010.  Plaintiff, however, did not file this suit until 2012, more than a year after the statute of limitations had expired.  Furthermore, the continuing violations exception, which is rarely applied in civil rights cases, does not apply here." (R&R at 1).

Magistrate Judge Binder's R&R also states that Plaintiff fails to state an Eighth Amendment claim because the complaint demonstrates that the concentration level of the chemical found in the St. Louis water system was within allowable limits, and therefore Defendants' decision to allow prisoners to continue consuming the water could not be considered deliberate indifference, which is required to state a civil rights claim." (R&R at 5).

The R&R expressly advised the parties that they could file objections to the R&R but they must do so within 14 days.  (*Id*. at 15).

On or about March 28, 2012, Plaintiff, who is currently incarcerated, filed a motion asking that the Court grant him an extension of time for filing objections to the R&R.  Before this Court ruled on that request, however, Plaintiff filed Objections to the March 23, 2012 R&R.  Accordingly, IT IS ORDERED that Plaintiff's request for an extension of time for filing objections to the R&R IS DENIED AS MOOT.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made."  *Id*.

Plaintiff objects to Magistrate Judge Binder's conclusion that his claim is time-barred.  Plaintiff asserts that while there is "no question" that he submitted numerous complaints

beginning in 2007, "[i]t wasn't until 2009 that Plaintiff became suspicious about the water" causing him health problems. That assertion, however, is contrary to the allegations in Plaintiff's Complaint. (*See e.g.*, Pl.'s Compl. at ¶ 37). The Court finds Plaintiff's objections to be without merit. The Court agrees that this action is time-barred and must be dismissed.

In addition, having reviewed Plaintiff's objections to Magistrate Judge Binder's additional or alternative basis for recommending dismissal of this action, the Court finds those objections lacking in merit as well.

Accordingly, the Court hereby ADOPTS the March 23, 2012 R&R and ORDERS that this action is DISMISSED.

IT IS SO ORDERED.


Dated:  April 20, 2012                                  S/ Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Court Judge


I hereby certify that on April 20, 2012, the foregoing document was served upon counsel of record by electronic means and upon Paul Davis by First Class Mail at the address below:

Paul Davis #514719
Marquette Branch Prison
1960 U.S. Hwy 41 South
Marquette, MI 49855

Dated:  April 20, 2012                                  S/ Jennifer Hernandez
                                                        Case Manager